Edward POTENZA, Plaintiff,

v.

PARTENREEDERI, M/S "ASSENBURG," Defendant.

No. 78 Civ. 5810.

United States District Court, S. D. New York.

Nov. 6, 1980.

Zimmerman & Zimmerman, New York City, for plaintiff.

Lilly Sullivan & Purcell, New York City, for defendant.

## MEMORANDUM DECISION

STEWART, District Judge.

Defendant has moved to dismiss this longshoreman's action on the ground that plaintiff's claim is barred under the doctrine of laches. Plaintiff seeks damages for injuries sustained on October 2, 1972 while working aboard defendant's vessel. This action was instituted on December 4, 1978, and defendant was served on July 10, 1979.

Plaintiff failed to initiate the instant action within the applicable limitations period, which is 3 years for personal injuries. N.Y.

CPLR § 214 (McKinney) (1980–81 Supp.). "When a plaintiff who asserts a maritime claim after the state statute has run, presents evidence tending to excuse his delay, the court must weigh the legitimacy of his excuse, the inference to be drawn from the expiration of the state statute, and the length of the delay, along with evidence as to prejudice if the defendant comes forward with any." *Larios v. Victory Carriers, Inc.*, 316 F.2d 6 (2d Cir. 1963).

Plaintiff's affidavit states that, through counsel from the Department of Labor, he filed a compensation proceeding, which was finally resolved on appeal on October 1, 1975. Plaintiff also retained Mr. Kalmanson to pursue his claim. Mr. Kalmanson died in June of 1973. The case was assumed by Leon Blaufarb, an attorney in the firm. Mr. Blaufarb was suspended from the practice of law on March 20, 1975 for a period of one year, and has not to date moved for reinstatement. Plaintiff states that he had no knowledge of Mr. Blaufarb's suspension until July, 1978.

Defendant claims that extreme prejudice will result if this action is allowed to proceed. The accident at issue took place over 8 years ago. Since then, the vessel in question was sold to different owners and renamed on March 7, 1979. Only two members of the crew are still in the employ of defendant. The only documents in the former owner's possession is a copy of the charter party with Standard Fruit Co.

We find that the possible prejudice to the defendant outweighs the plaintiff's justification for delay. Although plaintiff was clearly the victim of unfortunate circumstances, it is not appropriate to excuse plaintiff's delay attributable to forestalling the filing this action until the appeal of the compensation case was decided. Also, plaintiff waited at least 3 years, during which time he had no contact with his attorney, before investigating the cause for delay. Moreover, after filing the complaint, plaintiff waited another 6 months before serving the defendant.

Weighed against the length of delay and the prejudice to defendant if this case is litigated, we find that plaintiff has not met the burden of persuasion as to the excuse for his delay and the lack of prejudice to the defendant. Therefore, plaintiff's claim is barred under the doctrine of laches. Defendant's motion is granted, and the case is dismissed.

SO ORDERED.